**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00728-CMA (consolidated with 09-cv-00729 AP)

IN RE: ADAM AIRCRAFT INDUSTRIES, INC., Debtor

ROBERT SCOGGIN,

    Plaintiff/Appellant,

v.

JEFFREY A. WEINMAN, in his capacity as Chapter 7 Trustee.

    Defendant/Appellee.

**OPINION AND ORDER DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL**

This matter is before the Court on Plaintiff/Appellant Robert Scoggin's Motion for Leave to Appeal (Doc. # 19) a March 20, 2009 Order issued by the United States Bankruptcy Court for the District of Colorado in Case No. 08-11751.  For the reasons stated below, the Court DENIES Plaintiff/Appellant Scoggin's Motion.

**I. BACKGROUND**

**A.   FACTS**[1]

Underlying the instant Motion for Leave to Appeal are two related bankruptcy actions.  The first action is Debtor Adam Aircraft Industries, Inc.'s Chapter 7 proceeding, Case No. 08-11751, initiated on February 15, 2008 (the "Main Action").  Defendant/

---

[1] Unless otherwise noted, the following facts are taken from Plaintiff's Statement of Facts, as contained in the instant motion, the attached March 20, 2009 Bankruptcy Court Order (Doc. #19, Ex. A), and the parties' earlier-filed opening and response briefs (Doc. ## 14 and 15).

Appellee Jeffrey A. Weinman, is the duly appointed Chapter 7 trustee in the Main Action. The second action is an adversary proceeding, Case No. 08-1366, initiated by Plaintiff/Appellant Scoggin on May 9, 2008 (the "Adversary Proceeding"). The Adversary Proceeding concerns a Fed. R. Civ. P. 23 class claim arising from Debtor's alleged violation of the Worker Adjustment and Restraining Notification Act, 29 U.S.C. § 2101, *et. seq.*, (the "WARN Act"). The alleged violation occurred prior to filing of the Debtor's bankruptcy when Debtor engaged in plant closings and mass layoffs of its employees without providing its employees sixty days' advance written notice as required by the WARN Act.

On March 4, 2008, in the Main Action, the Debtor filed its statement of financial affairs and schedules. The schedules listed 804 of Debtor's former employees as creditors.

On March 25, 2008, in connection with the Main Action, Defendant/Appellee Weinman filed his Notice of Possible Dividends setting the claims bar date as June 30, 2008 (the "June 30, 2008 Bar Date"). As indicated by the Certificate of Service, 1,697 parties received notice of the June 30, 2008 Bar Date, including Plaintiff/Appellant Scoggin and the Debtor's other 803 former employees whom Debtor identified as bankruptcy creditors.

On or about May 9, 2008, Plaintiff/Appellant Scoggin commenced the Adversary Proceeding in Bankruptcy Court (Case No. number 08-1366) naming the Debtor as the defendant and seeking recovery of certain "administrative expenses" for himself under

§ 503(b)(1)(A)(ii) of the Bankruptcy Code and seeking alternative allowance of a prepetition priority wage claim under § 507(a)(4) of the Bankruptcy Code.

On the June 30, 2008 Bar Date, Plaintiff/Appellant Scoggin filed a motion for class certification under Fed. R. Bankr. P. 7023 in the Adversary Proceeding.  Also on the June 30, 2008 Bar Date, Plaintiff/Appellant Scoggin filed a motion for class proof of claim in the Main Action to which Defendant/Appellee Weinman objected on July 21, 2008.

On August 25, 2008, Plaintiff/Appellant Scoggin filed a Response in support of his class proof of claim in the Main Action and a motion asking the Bankruptcy Court to apply Fed. R. Bankr. P. 7023 to the class proof of claim, to which Defendant/Appellee Weinman also objected.

On March 20, 2009, the Bankruptcy Court entered an order denying both Plaintiff/Appellant Scoggin's motion for class certification under Fed. R. Bankr. P. 7023 in the Adversary Proceeding and his motion for class treatment of a proof of claim under Fed. R. Bankr. P. 7023 and Fed. R. Civ. P. 23 in the Main Action ("the March 20, 2009 Bankruptcy Court Order").

On April 1, 2009, Plaintiff/Appellant Scoggin filed two Notices of Appeal with the United States District Court for the District of Colorado in connection with the March 20, 2009 Bankruptcy Court Order.  The Notices of Appeal initiated Case Nos. 09-cv-728 and 09-cv-729.  On June 24, 2009, District Court Judge John L. Kane consolidated the two actions pursuant to Appellant's Unopposed Motion to Consolidate, and the Court

ordered Plaintiff Appellant Scoggin to file the instant Motion for Leave to Pursue an Interlocutory Appeal.  (*See* Doc. ## 17 and 18.)[2]

## II.  STANDARD OF REVIEW

28 U.S.C. § 158(a)(3) provides that appeals from interlocutory bankruptcy court orders are appropriate only with leave of Court.  Most courts "read the requirements of [28 U.S.C.] § 1292, which governs interlocutory appeals from the district court to the circuit court, into § 158(a)(3)."  *United Phosphorous, Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 233 (B.A.P. 10th Cir. 1999); *see Parks v. Krause (In re Krause)*, No. 07-1246-WEB, 2007 WL 2591201 (D.Kan. Sept. 5, 2007); *Jobin v. Lee (In re M&L Bus. Mach. Co.)*, No. 94-K-936, 1994 WL 263457 (D. Colo. June 6, 1994).  28 U.S.C. § 1292(b) provides that leave should only be granted if the order being appealed "involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the issue will materially advance the ultimate termination of the litigation."

Under 28 U.S.C. §§ 158 and 1292, "[l]eave should be granted 'with discrimination' and reserved for cases of exceptional circumstances," *Fox*, 241 B.R. at 232, and it is the Appellant's burden to show that those circumstances exist.  *Twenver, Inc. v. MCA Television, Ltd. (In re Twenver, Inc.)*, 127 B.R. 467, 470 (D. Colo. 1991). Exceptional circumstances appear only "where prohibiting review would force an appellant to lose an important right" or where "an appellant will effectively be denied

---

[2]  On July 23, 2009, this case was reassigned to Judge Christine M. Arguello (Doc. # 21).

review if the proceeding progresses to its natural end." *Fox*, 241 B.R. at 233 (citing *Patterson v. Washita State Bank (In re Denton)*, 236 B.R. 418, 419 (B.A.P. 10th Cir. 1999)).

## III.  ANALYSIS

The Bankruptcy Court's March 20, 2009 Order declined to apply Fed. R. Civ. P. 23 to Plaintiff/Appellant Scoggin's proof of claim in the Main Action and determined that Plaintiff/Appellant Scoggin did not meet class certification requirements in the Adversary Proceeding.  As stated above, in order for Plaintiff/Appellant Scoggin to be granted a permissive interlocutory appeal, he must show that (a) the appealed order involves a controlling question of law, (b) for which there is a substantial ground for difference of opinion, and (c) the immediate resolution of the issue will materially advance the ultimate termination of the litigation[3].  28 U.S.C. § 1292(b); *see also* Fox, 241 B.R. at 232 (citing *McCarn v. WyHy Fed. Credit Union (In re McCarn)*, 218 B.R. 154, 157 (B.A.P. 10th Cir. 1998)); *Whirlpool Leasing Servs., Inc. v. Nucor, Inc. (In re Nucor, Inc.)*,

---

[3]  Scoggin asserts that this Court may invoke Fed. R. Civ. P. 23(f) standards to allow an interlocutory appeal of any part of the Bankruptcy Court's Order.  However, that rule has no application here.  *See In re W.R. Grace & Co.*, No. 08-118, 2008 WL 4234339 (D. Del. Sept. 4, 2008), *reconsideration denied*, 398 B.R. 368 (D. Del. Nov. 13, 2008); *In re Allied Holdings, Inc.*, 376 B.R. 351, 357 n.5 (N.D. Ga. 2007).  Fed. R. Civ. P. 23(f) states by its own terms that a *court of appeals* may permit an appeal from an order granting or denying class certification if a request is filed with a *circuit* clerk.  Nothing in the rule or any case law suggests that Fed. R. Civ. P. 23(f) standards apply to a bankruptcy court class certification order that is appealed to a district court (or a bankruptcy appellate panel), even if Fed. R. Civ. P. 23 applies otherwise in adversary proceedings under Fed. R. Civ. P. 7023.  *See Chrysler Fin. Corp. v. Powe*, 312 F.3d 1241, 1245-46 (11th Cir. 2002) (declining to apply Fed. R. Civ. P. 23(f) to bankruptcy appeal and recognizing that 28 U.S.C. §§ 158(a) and 1292(b) already provide for analogous relief); *see also Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007) (recognizing that both district courts and courts of appeals have discretion under § 1292(b), but only courts of appeals may exercise discretion under Rule 23(f)).

116 B.R. 246, 247 (D. Colo. 1990).  In addition, this Court's power to grant an interlocutory appeal should not be liberally construed and is limited to cases involving unique or most exceptional circumstances.  *See Hill v. Gibson Dubb & Crutcher, LLP (In re Ms55, Inc.)*, No. 06-cv-1233, 2008 WL 4490124 (D. Colo. Oct. 1, 2008) (quoting *Utah ex rel. Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)).

**A.** **WHETHER THERE ARE CONTROLLING QUESTIONS OF LAW AT ISSUE.**

The first prong is whether there are controlling questions of law at issue.  A question of law for purposes of an interlocutory appeal is a "pure" question that the reviewing court "could decide quickly and cleanly without having to study the record."  *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000) (noting that a question of law under § 1292(b) involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine").  A question is "controlling" if interlocutory reversal would terminate the action or at least conserve time for the lower court or time and expense for the parties.  *See Cook v. Rockwell Int'l Corp.*, 564 F.Supp.2d 1189, 1215 n.17 (D. Colo. 2008) (citing 16 Charles A. Wright et al., Federal Practice and Procedure § 3930 (2d ed. 1996)).

In the instant case, the Bankruptcy Court's March 20, 2009 Order presents no controlling question of law for purposes of an interlocutory appeal.  The Bankruptcy Court considered Plaintiff/Appellant Scoggin's motions for a class proof of claim in the Main Action and a class certification in the Adversary Proceeding on stipulated facts with stipulated exhibits.  The Bankruptcy Court's March 20, 2009 Order is driven entirely

by the facts presented in the Debtor's bankruptcy case, such as the numerosity and impracticability of joining all members of the potential class and the potential class plaintiffs' claims.  Further, no questions of law presented in Plaintiff/Appellant Scoggin's unsuccessful class-related motions "will control the outcome of [the Debtor's] bankruptcy proceedings" so as to warrant interlocutory review.  *Jobin v. Lee (In re M&L Bus. Mach. Co.)*, No. Civ.A.No. 94-K-936, 1994 WL 263457 at *2 (D. Colo. June 6, 1994).  Therefore, interlocutory review would only unnecessarily multiply and increase the expense of the proceedings.

**B.      WHETHER SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST.**

The second prong is whether there are substantial grounds for a difference of opinion as to the question of law.  Whether there are substantial grounds for difference of opinion as to the question of law requires a genuine doubt as to whether the bankruptcy court applied the correct legal standard.  *MCI WorldCom Comm. v. Communications Network Int'l, Inc.*, 358 B.R. 76, 79 (S.D.N.Y. 2006) (citing *In re WorldCom*, No. M-47 (HB), 2003 U.S. Dist. LEXIS 11160, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)).

In the instant case, although Plaintiff/Appellant Scoggin complains that the Bankruptcy Court's Order is "inconsistent" with what he views as "better-reasoned" authority concerning the discretionary application of Fed. R. Bankr. P. 7023, he does not elaborate on why the Bankruptcy Court's reasoning and application of the law was an abuse of discretion.  An interlocutory appeal is not justified "[s]imply because a

question of law has not been authoritatively addressed [or] the parties themselves disagree as the interpretation of persuasive authority . . . ." *Williston v. Eggleston*, 410 F. Supp.2d 274, 277 (S.D.N.Y 2006).  Where the bankruptcy court "la[ys] out the correct legal standard," it is not enough that a party seeking an interlocutory appeal simply disagrees with the court's ultimate conclusion.  *MCI*, 358 B.R. at 80.

**C.    WHETHER AN INTERLOCUTORY APPEAL WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.**

The final prong is whether an interlocutory appeal would materially advance the ultimate termination of the proceeding or litigation; in the instant case, the liquidation of the Debtor's bankruptcy estate.  *Jobin v. Lee (In re M&L Bus. Mach. Co.)*, No. Civ.A.No. 94-K-936, 1994 WL 263457 at *2 (D. Colo. June 6, 1994).  For example, reversing on appeal a denial of a motion to dismiss would clearly hasten the termination of the litigation, whereas reconsidering a bankruptcy court's denial of motions for class or class treatment of a proof of claim would not.

In this case, far from materially advancing the termination of litigation in the Debtor's bankruptcy case, an immediate appeal will simply add administrative expenses to the Debtor's bankruptcy estate and prejudice other legitimate creditors.  *See Kelley v. Mid-America Racing Stables, Inc.,* 139 F.R.D. 405, 412 (W.D. Okla. 1990) (denying leave for interlocutory appeal where such an appeal "could not advance termination of the litigation, but would only delay it").

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's Motion for Leave to Appeal (Doc. # 19), and hereby DISMISSES this interlocutory appeal.

DATED:  February   23  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge